**In re Robert PAUL and Marka Lynn Gilbertson, Debtors.**

**Robert PAUL and Marka Lynn Gilbertson, Plaintiffs,**

v.

**Richard A. HAHN, Defendant.**

**Bankruptcy No. 85 B 7463.**
**Adv. No. 85 A 868.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 4, 1985.

Mark T. Petty, Arcola, Ill., for debtors/plaintiffs.

James E. Egan, Joliet, Ill., for defendant.

### AMENDED MEMORANDUM AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

The debtors have filed a motion for summary judgment, seeking to invoke 11 U.S.C. § 522(f)(1) to avoid a judicial lien in favor of the adversary defendant. Section 522(f)(1) permits a debtor to avoid a judicial lien in the debtors' property to the extent that the lien impairs one of the debtors' exemptions.[1]

---

1. Section 522(f)(1) states:
   Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
   (1) a judicial lien; ...

The facts in this case are not in dispute. The debtors' residence is valued at $95,000.00. Morris Federal Savings and Loan holds a first mortgage of $76,000.00 on that real estate. On March 6, 1985, the adversary defendant Hahn recorded a $16,645.57 judgment he had previously obtained in the Illinois state courts against the debtors. On April 22, 1985, the Circuit Court in Coles County, Illinois, held a hearing on Hahn's citation to discover assets. Debtor Robert Gilbertson appeared pro se at the citation hearing. Debtor Marka Gilbertson did not appear although she was also a defendant in that action. At that hearing, counsel for Hahn told the court that the parties had entered into an agreement whereby the debtors would pay the defendant $300.00 per month and either execute a promissory note for the judgment amount or give a mortgage in their residence.[2] The court accepted the agreement and asked that a written order be submitted to reflect its terms.

On June 13, 1985, the debtors filed a petition under Chapter 7 of the Bankruptcy Code. In their schedule of exempt property, the debtors each claimed the statutory limit of $7,500.00 under the homestead exemption, Ill.Ann.Stat. ch. 110, § 12–901 (Smith-Hurd 1985). The debtors now seek to avoid the defendant's judicial lien under 11 U.S.C. § 522(f)(1) to the extent that it impairs their joint homestead exemption of $15,000.00.[3]

Hahn argues that the debtors should not be able to avoid his lien by claiming their homestead exemption. He supports this argument by claiming that the state court had ordered the debtors to execute a written waiver of homestead. This Court does not agree. There is no evidence in the record that the state court ordered the debtors to execute a waiver of homestead. The only statement in any of the documents submitted to this Court that the debtors would waive their homestead rights is contained in an order drafted by an unspecified author apparently after the hearing to discover assets. The copy of the order supplied to this Court was not signed by the circuit court judge, the debtors or Hahn. The docket in the state court proceedings does not reflect that the order was ever entered. Therefore, the order does not appear to bind the debtors in this proceeding.

Even if the order had been entered, however, it would not be controlling in these proceedings. The pleadings concede that the debtors never executed a second mortgage in favor of Hahn. In the absence of a properly executed second mortgage, Hahn continued to possess only a judicial lien on the debtors' property.[4]

Even if there is actually an agreement to execute a mortgage that somehow gives rise to an equitable mortgage, Hahn has no additional rights. An agreement to execute a mortgage would be ineffective against the debtors' exemption rights in the context of this dispute. See 11 U.S.C. §§ 522(h), 544(a). The same result obtains

**2.** The adversary defendant for his part agreed not to take any further action to collect his judgment as long as the debtors complied with the agreement.

**3.** The debtors also allege that a preference occurred for purposes of 11 U.S.C. § 547(b). The debtors claim that the transfer of their property occurred on the date the defendant executed his judgment, March 6, 1985. The debtors argue that this transfer occurred within 90 days of the filing of the petition, June 13, 1985, as required by 11 U.S.C. § 547(b)(4)(A). The debtors' mathematical calculations, however, are faulty. Ninety-nine days lie between the date of the alleged transfer and the date the debtors filed

their bankruptcy petition. As such, no preference occurred and the debtors cannot avoid the judgment on that basis. It is nowhere alleged or suggested that Hahn is an "insider" for preference purposes.

**4.** Had the debtors executed the mortgage, Hahn's judicial lien would have become a "security interest" for Code purposes and been taken outside of 11 U.S.C. § 522(f)(1). See 11 U.S.C. §§ 101(30), (43). Of course, as suggested in the next paragraph of the text, the mortgage would also have to be recorded to be valid against either the trustee or the debtors' exemption rights under 11 U.S.C. §§ 522(h) and 544(a).

with an unperformed order to execute a mortgage.[5]

Section 522(f)(1) facilitates a debtor's fresh start by allowing the avoidance of such judicial liens. It should be interpreted liberally. *In re Barker*, 768 F.2d 191, 196 (7th Cir.1985). There is no genuine issue of fact here.[6] The Court therefore grants the debtors' motion for summary judgment against the defendant.

**5.** The draft state court order submitted to this Court contains a clause purporting to order the debtors to execute a waiver of homestead in favor of the judgment creditor. Whether or not that order was ever actually signed or entered is irrelevant in this case, because the mortgage documents, including a waiver of homestead, were never executed. Therefore, we need not reach the question of whether a judicially compelled waiver of a state exemption right outside of bankruptcy precludes the assertion of the exemption right in a subsequent bankruptcy case.

**6.** We note that the parties in effect have stipulated by their pleadings that the property which is the subject of this dispute is worth $95,000.00. The first mortgage is $76,000.00. Thus, the equity above the first mortgage is $19,000.00. The debtors' homestead exemption is only $15,-000.00. Because the trustee was not a party to these proceedings, we make no ruling at this time as to who is entitled to the apparent $4,000.00 remaining after the first mortgage and homestead exemptions are deducted from the value of the debtors' property. We also make no finding as to the validity of Hahn's lien as to the $4,000.00 or his priority against the trustee.